ORIGINAL

RANDALL L.K.M. ROSENBERG #4847-0
CHARLES E. McKAY #3512-0
MOANA A. YOST #7738-0

GARCIA ROSENBERG & McKAY
737 Bishop Street
1675 Mauka Tower, Pacific Guardian Center
Honolulu, HI 96813
Telephone No.: (808) 536-4270
Facsimile No.: (808) 533-0434
E-Mail: GRMlaw@hawaii.rr.com

Attorneys for Plaintiff
SUSAN AGTARAP

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 25 2007

at 3 o'clock and 46 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SUSAN AGTARAP, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA and UNITED STATES ARMY CORPS OF ENGINEERS; <br><br> Defendants. | CIVIL NO.: CV07 00044 HG KSC <br><br> COMPLAINT; SUMMONS |

COMPLAINT

Comes now Plaintiff Susan Agtarap, by and through her attorneys,

GARCIA ROSENBERG & McKAY, and for a Complaint against the above-

captioned Defendants, hereby alleges, avers and affirms as follows:

1. Plaintiff is, and at all times relevant was a resident of the City and County of Honolulu, State of Hawaii.

2. Defendant United States of America ("Defendant US") is the sovereign Government and has consented, on its own behalf and on behalf of its agencies including Defendant VA, to be sued as a private individual in tort cases pursuant to the Federal Tort Claims Act, and Title 28 U.S.C. §2674.

3. Defendant United States Army Corps of Engineers ("Defendant USACE") is an autonomous agency of Defendant US with the power to sue and be sued.

4. Jurisdiction is asserted pursuant to Title 28, USC §1346, for civil actions where the United States is a defendant.

5. Venue is asserted pursuant to Title 28, USC §1391(e).

6. Plaintiffs have exhausted their administrative remedies in that (1) a timely administrative claim was filed with Defendant USACE on March 6, 2006, (2) a second timely administrative claim was filed, at the request of Defendant USACE, on June 15, 2006, (3) at least six months has elapsed since the filing of the administrative claims, and (4) Defendant USACE has not issued a final denial or provided Plaintiffs with a notice of final agency action. Therefore, this lawsuit is timely filed.

## COUNT I – NEGLIGENCE

7. On or about October 12, 2004, Plaintiff was operating a motor vehicle on the Kamehameha Highway, within the City and County of Honolulu, State of Hawaii.

8. At approximately 5:10 pm on the afore-mentioned date, Plaintiff was struck from the rear by a 2004 Chevrolet Silverado pickup truck, owned by Defendants, and operated by Richard Mori, an employee of Defendants.

9. At all times relevant, Richard Mori was acting within the scope of his employment with Defendants.

10. Mr. Mori struck Plaintiff's vehicle from the rear due to Mr. Mori's inattention. In addition, Mr. Mori was following Plaintiff at an unsafe distance and was unable to stop in time during ordinary heavy traffic conditions.

11. Mr. Mori's conduct constitutes negligence. Defendants are liable for the negligent conduct of Mr. Mori in accordance with the doctrines of master-servant, principal-agent, respondeat superior, and ostensible agency.

12. Plaintiff suffered severe and permanent injuries to her neck, back, and spine, including multiple disc herniations for which surgery has been recommended. Plaintiff has sustained other bodily injuries and property damage to her vehicle.

13. As a legal and proximate result of Defendants' wrongful conduct, Plaintiff has sustained injuries and damages and is entitled to compensation for medical expenses, wage loss, other out-of-pocket loss including but not limited to property damage, pain and suffering, severe emotional distress, and other special and general damages allowed by law.

14. Plaintiff has been furnished Personal Injury Protection benefits in excess of the medical rehabilitative limit and has standing to present the instant claims.

## COUNT II –NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

15. Plaintiff realleges, reaffirms, and incorporate specifically by reference herein the allegations set forth in paragraphs 1-14 above.

16. The conduct of Defendants and Defendants' employees constitutes negligent infliction of emotional distress.

17. As a legal and proximate result of Defendants' negligence, Plaintiff has sustained injuries and damages and is entitled to compensation for medical expenses, other out-of-pocket loss, pain and suffering, severe emotional distress and mental anguish, and other special and general damages allowed by law.

WHEREFORE, Plaintiff respectfully prays for relief against Defendants, jointly and severally, as follows:

    a.    That Plaintiff be awarded special and general damages in amounts to be proven at trial;

    b.    That Plaintiff be awarded prejudgment and postjudgment interest;'

    c.    That Plaintiff be awarded her costs of litigation and attorneys' fees; and,

    d.    That Plaintiff have such additional and further relief deemed just and appropriate under the circumstances.

DATED: Honolulu, Hawaii, January 24, 2007.

_____
RANDALL L.K.M. ROSENBERG
CHARLES E. McKAY
MOANA A. YOST

Attorneys for Plaintiff
Susan Agtarap

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Hawaii

SUSAN AGTARAP,

V.

UNITED STATES OF AMERICA and
UNITED STATES ARMY CORPS OF
ENGINEERS,

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)

ALL NAMED DEFENDANTS

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Randall L.K.M. Rosenberg #4847-0
Charles E. McKay #3512-0
Moana A. Yost #7738-0

Garcia Rosenberg & McKay
737 Bishop Street
1675 Mauka Tower
Honolulu, HI 96813
Telephone No.: (808) 536-4270
Facsimile No.: (808) 533-0434

an answer to the complaint which is served on you with this summons, within ___60___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SUE BEITIA

JAN 25 2007

CLERK

(By) DEPUTY CLERK

DATE

⚛AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me⁽¹⁾ | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                *Date*                            *Signature of Server*


                                 _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.